UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Rictasha L. Nelson
and other similarly
situated individuals,

    Plaintiff(s),

v.

Kehe Distributors, Inc.

    Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Rictasha L. Nelson and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Kehe Distributors, Inc., and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Rictasha L. Nelson is a resident of Duval County, Florida, within this Honorable Court's jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Kehe Distributors, Inc. is a Florida Corporation performing business in St. Johns County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. All the actions raised in this Complaint took place in St. Johns County, Florida, within this Court's jurisdiction.

## General Allegations

5. This cause of action is brought by Plaintiff Rictasha L. Nelson as a collective action to recover from Defendant half-time overtime compensation and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2022, (the "material time") without being adequately compensated.

6. Defendant Kehe Distributors, Inc. (hereinafter Kehe Distributors, or Defendant) operates a food distribution center located at 4055 Deerpark Blvd., Elkton, Florida 32033, where Plaintiff worked.

7. Defendant Kehe Distributors employed Plaintiff Rictasha L. Nelson as a non-exempted, full-time warehouse employee from approximately April 04, 2022, to December 26, 2022, or 38 weeks.

8. Plaintiff had duties in the receiving department as a warehouse employee and office clerk. Plaintiff worked under the supervision of Manager Chad Montgomery, and she was paid a salary of $1,346.15 weekly.

9. During her employment with Defendant, Plaintiff worked six days per week at the warehouse and home.

10. From Monday to Thursday (4 days), Plaintiff worked at the warehouse from 5:00 AM to 4:00 PM (11 hours daily). Plaintiff completed 44 working hours weekly.

11. After her shift at the warehouse, Plaintiff went home and worked a minimum of six hours from Monday to Saturday. At home, Plaintiff worked 36 hours weekly, completing warehouse office work.

12. Thus, while employed by Defendant, Plaintiff worked a total minimum average of 80 hours weekly.

13. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law. Plaintiff always received the same salary regardless of the number of hours worked.

14. Plaintiff did not clock in and out, but Defendant could track the hours worked by Plaintiff in the warehouse and at home. Defendant required Plaintiff to work at home, and it knew about the total number of hours that Plaintiff was working.

15. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid bi-weekly weekly by direct deposits, and she was provided paystubs that did not reflect the total number of hours worked.

17. On or about December 26, 2022, Defendant terminated Plaintiff's employment.

18. Plaintiff Rictasha L. Nelson seeks to recover unpaid overtime wages for every hour worked over 40 during her entire employment, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

19. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

20. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half her regular rate.

21. This action is intended to include every warehouse employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANT

22. Plaintiff Rictasha L. Nelson re-adopts every factual allegation stated in paragraphs 1-21 above as if set out in full herein.

23. Defendant Kehe Distributors was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Food distributor. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities, participated

in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

25. Defendant Kehe Distributors employed Plaintiff Rictasha L. Nelson as a non-exempted, full-time employee and office clerk from approximately April 04, 2022, to December 26, 2022, or 38 weeks.

26. Plaintiff had duties in the receiving department as a warehouse employee and office clerk. Plaintiff worked under the supervision of Manager Chad Montgomery, and she was paid a salary of $1,346.15 weekly

27. During her employment with Defendant, Plaintiff worked six days per week at the warehouse and home.

28. From Monday to Thursday, Plaintiff worked at the warehouse from 5:00 AM to 4:00 PM, where she completed 44 working hours weekly.

29. After her shift at the warehouse, Plaintiff went home and worked six days per week, a minimum of six hours daily from Monday to Saturday. At home, Plaintiff worked 36 hours weekly, completing warehouse office work.

30. Thus, while employed by Defendant, Plaintiff worked a minimum average of 80 hours weekly.

31. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law. Plaintiff always received the same salary regardless of the number of hours worked.

32. Plaintiff did not clock in and out, but Defendant could track the number of hours worked by Plaintiff in the warehouse and at home. Defendant required Plaintiff to work at home and knew about the total number of hours that Plaintiff was working.

33. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff was paid weekly bi-weekly by direct deposits, and she was provided with paystubs that did not reflect the real number of hours worked.

35. On or about December 26, 2022, Defendant terminated Plaintiff's employment.

36. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

38. Plaintiff is not in possession of time and payment records, but she will provide a preliminary estimate based on her recollections and her knowledge. After discovery, Plaintiff will amend her statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Twelve Thousand Seven Hundred Ninety-Eight Dollars and 40/100 ($12,798.40)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 38 weeks  
       Relevant weeks of employment: 38 weeks  
       Total hours worked: 80 hours average  
       Unpaid O/T hours: Average 40 hours

      Salary: $1,346.15 weekly: 80 hours worked=$16.83
      Regular rate: $16.83:2= $8.42 half-time
      Half-time: $8.42 an hour

      $8.42 x 40 hours=$336.80 weekly x 38 weeks=$12,798.40

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

   This amount represents unpaid half-time overtime wages.[1]

39. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

41. Defendant Kehe Distributors willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action, and she is obligated to pay a reasonable attorney's fee.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves her right to amend the calculations.

Prayer for Relief

Wherefore, Plaintiff Rictasha L. Nelson and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Rictasha L. Nelson and other similarly situated individuals and against Defendant Kehe Distributors based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Rictasha L. Nelson actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Rictasha L. Nelsondemands a trial by a jury of all issues triable as of right by a jury.

Date: December 31, 2022

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*