UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:22-cv-01449-TJC-PDB

Rictasha L. Nelson,

    Plaintiff,

v.

Kehe Distributors, Inc.

    Defendant.

_____/

**JOINT MOTION FOR ENTRY OF ORDER APPROVING
SETTLEMENT AND DISMISSING CASE WITH PREJUDICE**

Plaintiff, RICTASHA L. NELSON, (hereinafter, "Plaintiff"), and Defendant, KEHE DISTRIBUTORS, INC. (hereinafter, "Defendant"), by and through their respective undersigned counsel, hereby file this Joint Motion for Entry of Order Approving Settlement and jointly request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice, and in support thereof, state:

**MEMORANDUM OF LAW**

**I.**    **Legal Principles**

This is an action brought by Plaintiff for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq.*

Defendant has denied all liability with regard to Plaintiff's claims, including the alleged unpaid overtime wages in this action and assert that Plaintiff was at all times exempt under the FLSA.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or

> computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by Plaintiff against her alleged former employer, which was adversarial in nature.

The Parties agree that the instant action involves significant disputed issues as to both liability and the potential damages. Defendant disputes any liability for the allegedly owed overtime compensation to Plaintiff. Defendant asserts that Plaintiff was at all times an exempt employee under both the FLSA's executive and administrative exemptions, and that Plaintiff was at all times properly compensated under the law. *See*, D.E. #15—Defendant's Verified Summary, pp 1-3. Moreover, Defendant also disputed Plaintiff's claimed overtime based upon Plaintiff's normal work schedule. *Id. at 3-4*.

Notwithstanding, Defendant has ultimately agreed to compromise such claims. Plaintiff, conversely, has agreed that the compromise of her claims is fair and reasonable considering the disputed issues of fact and law relevant to her claims. Plaintiff also considered the difficulties of proceeding in litigation and potential evidentiary issues that may arise in substantiating her claims.

With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009).

## II.   Terms of Settlement

1.   This case involves claims made by Plaintiff for alleged unpaid overtime wages under the FLSA.

2.   After extensive negotiations held from the commencement of this action, the parties were able to reach a settlement between them that resolved all of Plaintiff's claims, including those for attorney's fees and costs.

3.   Plaintiff and Defendant herein state that the settlement reached between them with respect to Plaintiff's claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiff and Defendant. Specifically, based upon their respective evaluations and estimates of Plaintiff's underlying claims and her claims for attorney's fees and costs, the parties negotiated the settlement amount herein.

4.   In settlement, Plaintiff RICTASHA L. NELSON will be paid a total of $1,500.00 as full relief and compensation of any alleged unpaid wages and liquidated damages pursuant to the FLSA. From the total amount of $1,500.00,

$700.00 shall be allocated in satisfaction of Plaintiff's claim for "wages", $700.00 shall be allocated in satisfaction of Plaintiff's claim for "liquidated damages"; and $100.00 shall be paid as consideration for the material terms and conditions of this Agreement, including the general release herein.  The parties agree that upon careful review of the facts surrounding Plaintiff's employment; Plaintiff's job duties; hours and weeks which Plaintiff worked; time and pay records; and all available evidence pertaining to Plaintiff's employment, this amount represents a fair and reasonable compromise of the disputed claims.

5. Notwithstanding, the parties agree that there are significant disputes as to whether or not Plaintiff was exempt under the Act; and whether or not any alleged violations, if any, were willful.  Consequentially, Plaintiff could have even been barred from any recovery in this matter had she not been able to establish her claims under the FLSA.

6. Accordingly, the amount of this settlement to Plaintiff is fair and reasonable given that: Plaintiff will be receiving adequate compensation plus liquidated damages pursuant to the FLSA; Plaintiff's claims are highly disputed; there are issues of material fact in dispute; and the fact that Plaintiff could be barred from recovery in this matter should Plaintiff not be able to establish any violations under the FLSA.  Additionally, it is also reasonable given the high costs of defending and litigating this matter and the time and resources which would have been

expended by both parties in taking this matter to trial. This settlement was arrived at after considerable negotiation by the parties and the Defendants do not admit any liability in this action.

7. Additionally, Defendants will pay Plaintiff's counsel $3,000.00 in attorney's fees and $500.00 in costs, which have been incurred to date in this action, including preparation and/or review of all settlement documents. Plaintiff's counsel, who has over 17 years of experience litigating employment related matters, charges an hourly rate of $400.00. This rate has been approved by this Honorable Court, as well as Courts in the Southern and Northern Districts of Florida. ("Counsel represents that his billable rate is $400 an hour, Dkt. 26, which the Court finds is reasonable in view of the rates typically charged in this district for attorneys with similar experience." See, *Buckpitt v. Sonic Car Wash Systems LLC.*, Case No.: 6:23-cv-158-PGB-RMN, [D.E. 27] (M.D. Fla. Jun. 8th, 2023). "Plaintiff's counsel, Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court. [27-2] at 3. The Court does not find this hourly rate excessive. See, e.g., *Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters). See, *Restrepo v. Modern Roofing Experts, Inc., et al.*, Case No.: 2:21-cv-14080-

KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021) ("[Mr. Palma's] customary rate for new clients is $400.00 per hour). See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiffs' counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al.*, Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

8. Plaintiff's counsel has expended over 17 hours on this matter to date, which includes time spent conducting informal discovery, settlement negotiations, attorney-client communications, preparation, drafting and/or review of all settlement documents, and other off-the-record activity. Notwithstanding, Plaintiff's counsel's attorney's fees and costs were substantially compromised and reduced in good faith in order to facilitate settlement in this matter, and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff. Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to her attorney.

9. The parties' settlement agreement is attached hereto as **Exhibit A** for the Court's consideration.

10. The attached agreement includes every term and condition of the parties' settlement.

11. Having agreed to the terms of the settlement reached, Plaintiff and

Defendant respectfully request that this Honorable Court approve the settlement between the parties.

12. Accordingly, the parties respectfully request that this Court approve the Settlement attributed to Plaintiff's FLSA claims. Moreover, the parties stipulate to the dismissal of this action with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' settlement and dismiss this action with prejudice.

DATED this 2nd day of August 2023.

Respectfully submitted,

| | |
|---|---|
| */s/Zandro E. Palma* | */s/Steven M. Parrish* |
| Zandro E. Palma, Esq. | Steven M. Parrish, Esq. |
| Florida Bar No.: 0024031 | Florida Bar No.: 077585 |
| **ZANDRO E. PALMA, P.A.** | **STEVEN M. PARRISH, P.A.** |
| 9100 S. Dadeland Blvd., Suite 1500 | 330 Clematis Street, Suite 207 |
| Miami, Florida 33156 | West Palm Beach, FL 33401 |
| Telephone No.: (305) 446-1500 | Telephone: (561) 833-8339 |
| Facsimile No.: (305) 446-1502 | |
| zep@ThePalmaLawGroup.com | E-mail: sparrish@smparrishlaw.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |